**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 04-20027-01-KHV** |
| **TREMAYNE DARKIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**ORDER**

This matter is before the Court on defendant's <u>Motion To Withdraw Guilty Plea, Due To Ineffective Assistance Of Counsel, And Request Hearing</u> (Doc. #84) filed March 17, 2005. On January 11, 2005, the Court entered judgment sentencing defendant to 170 months in prison. Shortly before sentencing, defendant filed a motion to withdraw his plea agreement. At the time of sentencing, the Court overruled defendant's motion as moot. <u>See</u> text entry order (Doc. #75) filed January 10, 2005. Defendant now seeks to withdraw his plea agreement because counsel was ineffective. For reasons set forth below, defendant's motion is overruled.

Defendant attempts to bring his motion under Rule 11(d) of the Federal Rules of Criminal Procedure. Rule 11(e), however, provides that "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." The Court therefore cannot consider defendant's motion under Rule 11.

To the extent defendant attempts to appeal the Court's order finding that his earlier-filed motion

to withdraw was moot, defendant's appeal is untimely. The Court entered judgment on January 11, 2005. Under Rule 4(b)(1), Fed. R. App. P., defendant had 10 days to file a notice of appeal. Defendant filed his motion to withdraw his guilty plea on March 17, 2005, long after the time for appeal had expired. Under Rule 4(b)(4), Fed. R. App. P., the Court cannot extend the time to file a notice of appeal more than 30 days beyond the original deadline.

The Court could construe defendant's motion as one to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In light of the restrictions which Section 2255 imposes on a second or successive motion, however, the Court declines to do so. If defendant desires to file a Section 2255 motion based on the grounds in his motion, or otherwise, he may do so. Defendant should note that absent certain circumstances, a one-year limitation from the date on which the judgment is final applies. Defendant should also note that D. Kan. Rule 9.1 sets forth the procedures for filing such a motion.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion To Withdraw Guilty Plea, Due To Ineffective Assistance Of Counsel, And Request Hearing</u> (Doc. #84) filed March 17, 2005 be and hereby is **OVERRULED.**

Dated this 10th day of June, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge

2