IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| v. | ) | Nos. 04-20027-01-KHV |
| | ) | 05-3315-KHV |
| | ) | |
| **TREMAYNE DARKIS**, | ) | |
| Defendant/Petitioner. | ) | |
| _____ | ) | |

## MOTION FOR ENFORCEMENT OF PLEA AGREEMENT

The United States of America by and through undersigned counsel, moves for

enforcement of the defendant's waiver in his plea agreement of his right to collaterally

attack his conviction and sentence in this case under 28 U.S.C. § 2255.  This matter is

before the Court on <u>Defendant's Petition for Relief Pursuant to 28 U.S.C. § 2255</u> (Doc.

#92) filed on July 25, 2005.  The United States seeks to have the provisions of the plea

agreement enforced before it is required to respond to the merits of defendant's petition.

## Background

On March 5, 2004, the defendant was charged with one co-defendant in a six-

count indictment (Doc #1).  These charges were for drug trafficking and firearms

violations.

On July 23, 2004, the defendant filed pretrial motions, which included a motion to

suppress evidence challenging the search warrant executed in this case (Doc. #34).  On

September 24, 2004, a hearing was held on all pretrial motions filed by both defendants

with the defendants' motions to suppress evidence denied (Docs. #52 - 53).

On October 25, 2004, the defendant entered a plea agreement, submitted a

petition to enter guilty plea, and pled guilty to Count 1 of the indictment, which charged

him with conspiracy to distribute or possess with intent to distribute more than 100

kilograms of marijuana, and to Count 5 of the indictment, which charged him with

possession of firearms in furtherance of a drug trafficking offense (Docs. #62 - 64).  The

defendant was then scheduled to be sentenced on January 10, 2005.

The defendant's plea agreement contained the following language:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)].  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

Doc. #64 at ¶ 11.

At the hearing for the defendant's change of plea, the Court asked the defendant

about the charges against him and his plea agreement with the United States, which

included the following colloquy:

THE COURT:  Have you received a copy of the – what do we have here?  Do we have a superseding indictment in this case?  No. – the indictment; that is, the written charge against you in this case?

THE DEFENDANT: Yes, sir.

2

THE COURT:          Have you discussed that charge and the case in
                    general with Mr. DeHardt, your attorney?

THE DEFENDANT: Yes, sir.

THE COURT:          Are you fully satisfied with the representation,
                    counsel, and advice that he has given you?

THE DEFENDANT: Yes, sir.

THE COURT:          And are you aware that he has had some discussions
                    with the attorney for the government, which has led
                    up to a plea agreement in this case?

THE DEFENDANT: Yes, sir.

THE COURT:          And are those discussions responsible at least in part
                    for your willingness to change your plea and plead
                    guilty today?

THE DEFENDANT: Yes, sir.

THE COURT:          Have you read and discussed the plea agreement
                    with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT:          Have you signed it?

THE DEFENDANT: Yes, sir.

THE COURT:          Is that your entire agreement with the government?

THE DEFENDANT: Yes, sir.

THE COURT:          And do you understand the terms of it?

THE DEFENDANT: Yes, sir.

Transcript of Plea Hearing (Exhibit #1) at 3 - 5.[1]

---

[1]For unknown reasons, the transcript of the plea hearing is not available through ECF, so it is attached as Exhibit #1 to this Motion.

The Court subsequently made certain that the defendant understood his waiver of appeal contained in the plea agreement.

> THE COURT: All right. Now under some circumstances you, or someone, may have the right to appeal any sentence that I impose; however, it appears that from the plea agreement that you have waived the right to appeal any sentence that I impose unless I should make an upward departure from the sentencing guidelines; and in addition to that, the Paragraph 11 of the written plea agreement, you're waiving the right to come back to court at a later time to challenge or contest this prosecution or your conviction or the sentence imposed. And you have discussed that matter with your attorney?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you understand what you're waiving?
>
> THE DEFENDANT: Yes, sir.

Exhibit #1 at 8 - 9.

On January 6, 2005, the defendant filed a motion to withdraw his guilty pleas (Doc. #71). As the sentence hearing began on January 10, 2005, the defendant informed the Court that he wished to withdraw the motion that had been filed to withdraw his guilty plea (Doc. #75). The following colloquy occurred before the sentence hearing began:

> THE COURT: This matter is for sentencing today, but we have a motion that I propose to take up first. The defendant's motion to withdraw his plea of guilty, I have reviewed that.
>
> MR. DEHARDT: Your Honor, before you go forward on that, I have just been advised by Mr. Darkis that he wishes to withdraw that motion to withdraw his plea of guilty and, in fact, dismiss that motion with your permission. You might wish to inquire of him in that regard.

4

THE COURT: Is that correct, Mr. Darkis?

THE DEFENDANT: Yes, sir.

THE COURT: All right.  Well, then this matter, the request to withdraw the motion to withdraw the plea of guilty is granted so that the motion to withdraw the plea of guilty is denied as moot.

Doc. #93 at 2 - 3.

The sentence hearing proceeded and defendant was then sentenced to 110 months imprisonment on Count 1 and 60 months imprisonment on Count 5 to be served consecutively (Docs. #74 and 77).

On March 17, 2005, the defendant filed a pro se motion to withdraw his guilty plea and alleged his attorney had provided ineffective assistance (Doc. #84).  On June 10, 2005, the Court overruled the defendant's motion to withdraw his guilty plea because he could only seek such relief on a direct appeal or through a collateral attack (Doc. #89).  On June 17, 2005, the defendant requested permission to pursue an appeal out of time (doc. #90), which the Court denied because it was more than five months after judgment had been entered (Doc. #91).

On July 25, 2005, the defendant filed a pro se petition under 28 U.S.C. § 2255 claiming that the United States violated the terms of the plea agreement and that his counsel was ineffective because he did not pursue an appeal of the denial of the suppression motion (Doc. #92).

## **Argument and Authorities**

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence,

5

or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.  If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

28 U.S.C. § 2255.

Because the United States has not been directed to answer the petition, it seeks to have the petition dismissed because the defendant waived his right to collaterally attack his conviction and sentence under the plea agreement.  See FED. R. GOVERNING § 2255 PROCEEDINGS 5(a).  Thus, the United States will not address the merits of the defendant's petition unless directed by the Court to do so, when it determines that it is unable to dismiss this petition based on the records and files in the case.

In United States v. Hahn, 359 F.3d 1315, 1328 (10th Cir. 2004), the Tenth Circuit provided guidance to allow the filing of dispositive motions to dismiss appeals when a defendant waived his right to appeal in a plea agreement.  The Circuit directed that in cases in which a defendant had waived appellate rights, filed a notice of appeal, and the government sought to enforce the waiver, then the government was to file a "Motion for Enforcement of the Plea Agreement."  Id., at 1328.  The motion is to address a three-

6

prong enforcement analysis, but not the underlying merits of the defendant's appeal. Specifically, the United States is to address:  "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."  Id., at 1325 (citation omitted).

In United States v. McMillon, 2004 WL 2660641 (D. Kan. 2004), a District Court applied the Circuit's Hahn analysis to a similar waiver to attack a conviction or sentence under 28 U.S.C. § 2255.  In McMillon, the Court raised the same three prongs for analysis from Hahn and mentioned the following in a footnote.

> Although Hahn involved the enforceability of a waiver in a plea agreement in the context of a direct appeal, the court sees no reason why the same legal standard would not apply in the context of a § 2255 motion.  Cf. [United States v. ] Cockerham, 237 F.3d [1179] at 1182 [(10th Cir. 2001)] ("By analogy, the right to bring a collateral attack under § 2255 is a statutory right and, like the right to direct appeal, appears to be waivable unless it falls within these same exceptions.").

McMillon, 2004 WL 2660641 at *3.  This Court accepted the application of the Hahn factors to petitions submitted pursuant to 28 U.S.C. § 2255 in United States v. Ellis, 2005 WL 2035055 at *2 (D. Kan. 2005).  Each of the Hahn factors and how they apply to this case to support the dismissal of defendant's petition is discussed below.  As in McMillon, the "files and records of the case conclusively show that Mr. McMillon is entitled to no relief because the waiver in his plea agreement is enforceable as to all of the arguments that he now raises."  McMillon, 2004 WL 2660641 at *3.

A court will hold the government and the defendant to the terms of a lawful plea agreement.  United States v. Arevalo-Jimenez, 372 F.3d 1204, 1207 (10th Cir. 2004). So a knowing and voluntary waiver of rights under 28 U.S.C. § 2255 in a plea

7

agreement is generally enforceable.  United States v. Cockerham, 237 F.3d 1179, 1181

(10th Cir. 2001).  The plea agreement clearly contained a waiver of these rights and the

Court discussed the waiver of such rights during the change of plea hearing, so this

provision of the plea agreement should be enforced against the defendant and this

petition dismissed.

**1.  Scope of the Waiver**

A court is to narrowly construe the scope of the defendant's waiver of appellate

rights, but it is to hold him to the terms of a lawful plea agreement.  Hahn, 359 F.3d at

1328.  The defendant signed a specific waiver of his right to collaterally attack the

prosecution, conviction, and sentence in this case (Doc. #64, ¶ 11).  The defendant's

petition falls within the scope of this waiver, even when the waiver is strictly construed.

The defendant recognized that his plea agreement included a waiver of appellate rights

and that the plea agreement constituted a contract between himself and the United

States (Doc. #92 at 8).  From his petition, the defendant understood from his counsel

that the waiver of such rights was non-negotiable and part of each plea agreement

entered into by this office (with very limited exceptions).  Thus, the defendant's waiver of

his statutory rights under § 2255 applies to the petition he filed in this case.

**2.  Knowing and Voluntariness of the Waiver**

This Court "will only enforce appeal waivers that defendants enter into knowingly

and voluntarily."  Hahn, 359 F.3d at 1328.  The Court first examines "whether the

language of the plea agreement states that the defendant entered the agreement

knowingly and voluntarily," and second, whether there was "an adequate Federal Rule

of Criminal Procedure 11 colloquy."  Id., at 1325 (citations omitted).

8

The defendant has failed to present any "support for the notion that he did not knowingly and voluntarily enter into his plea agreement.  [The defendant] bears the burden on this score"  Id., at 1329, and "has the burden to present evidence from the record establishing that he did not understand the waiver."  United States v. Edgar, 348 F.3d 867, 872 - 873 (10th Cir. 2003).  The defendant not only "knowingly waive[d] any right to appeal the sentence," but also the concluding paragraph of the plea agreement, immediately prior to the signatures of the parties provided:

> The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel.  Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion.  The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

Doc. #64, ¶ 15 (emphasis added).

The defendant's reading and understanding of the plea agreement is also demonstrated with the lines in the factual basis that were deleted by interlineation (Doc. #64 at 2).  The factual information removed from this paragraph would have been a stipulation to an enhancement under the sentencing guidelines for an aggravating role in the offense.

The district court specifically addressed the waiver in the plea colloquy as set forth above, and carefully determined that the defendant understood and agreed to all of the terms of his plea agreement.  See Exhibit #1 at 7.  Additionally, the defendant as

9

well as his counsel signed the written plea agreement which was filed at the time the defendant entered his guilty plea (Doc. #64 at 12).

Simply because the defendant understood that entering a plea agreement required him to waive appellate and other post-conviction rights, does not equate with an involuntary plea.  While the defendant appeared to have concerns before sentencing when he directed his attorney to file a motion to withdraw his guilty plea, when the defendant had the opportunity to address the Court to withdraw that motion before sentence was imposed, the defendant did not hesitate in asking that the motion be withdrawn.  Accordingly, the record and the pleadings support the determination that the defendant knowingly and voluntarily waived his rights to collaterally attack his conviction and sentence under 28 U.S.C. § 2255.

### 3.  Miscarriage of Justice

A court should enforce the waiver unless it finds that "enforcement of the waiver would constitute a miscarriage of justice."  Hahn, 359 F.3d at 1329.  To constitute a miscarriage of justice, enforcement of the waiver must result in one of the following scenarios: "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful."  Id., at 1327 (citations omitted).  To be "otherwise unlawful," the alleged error must "seriously affect the fairness, integrity or public reputation of judicial proceedings."  Id. (internal citation and quotation marks omitted).  "The burden rests with the defendant to demonstrate that the appeal waiver results in a miscarriage of justice."  United States v. Anderson, 374 F.3d

10

955, 959 (10th Cir. 2004).

Here, the district court did not rely upon an impermissible factor such as race in sentencing the defendant, he has not alleged ineffective assistance of counsel in connection with the negotiation of the appellate waiver, and his sentence does not exceed the statutory maximum.  The defendant merely acknowledges that if he entered a plea agreement, then it would contain a waiver of his appellate rights.  This acknowledgment does not amount to ineffective assistance of counsel in connection with the waivers in the agreement.  Furthermore, there is no indication in the record that the defendant received ineffective assistance of counsel in connection with the waiver of his rights under 28 U.S.C. § 2255.  Then, the defendant's sentence of 110 months for count 1 was well below the statutory maximum of forty years and the sentence of 60 months for count 5 was the statutory minimum sentence for that conviction.  Finally, there is no indication of any error that seriously affected the fairness, integrity, or public reputation of judicial proceedings in this case.

The defendant does allege that the United States violated the terms of the plea agreement by filing an enhancement information pursuant to 21 U.S.C. § 851 (Doc. #92 at 2).  One of the provisions of the plea agreement was that the United States specifically agreed to not file such an enhancement (Doc. #64, ¶ 4(e)).  A perusal of the docket sheet clearly reveals that no such enhancement was filed in this case, so the breach claimed by the defendant is without merit.  If such an enhancement had been filed, then the statutory minimum sentence for count 1 would have been ten years instead of five years, which means the defendant would have received a sentence of at least 120 months for that count, instead of the 110 months imposed.  Therefore, no

miscarriage of justice occurred because the United States did not violate the terms of the plea agreement.  Rather, the defendant is seeking to violate the agreement by filing this petition when he specifically waived his right to do so.

## Conclusion

This Court should enforce the defendant's waiver because this issue is within the scope of the waiver, the defendant's waiver was knowing and voluntary, and enforcing the waiver would not result in a miscarriage of justice.  Therefore, the United States respectfully requests that Defendant's Motion to Vacate be denied and that the plea agreement in this case be enforced.

Respectfully submitted,

ERIC F. MELGREN
United States Attorney


 s/ Scott C. Rask
SCOTT C. RASK
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas  66101
(913) 551-6730
(913) 551-6541 (fax)
Scott.Rask@usdoj.gov
KS. S.Ct. # 15643


## Certificate of Service

I certify that on January 19, 2006, this Motion was filed electronically with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Alex S. McCauley
Snider & McCauley, LLC

12

110 North Cherry Street, Suite 110
Olathe, Kansas 66061
(913) 397-7100
(913) 397-8740 (fax)
asmccauley@sbcglobal.net

 s/ Scott C. Rask
SCOTT C. RASK
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas  66101
(913) 551-6730
(913) 551-6541 (fax)
Scott.Rask@usdoj.gov
KS. S.Ct. # 15643