IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 04-20027-01-KHV |
| TREMAYNE DARKIS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On October 25, 2004, defendant pled guilty to conspiracy to distribute and possess with intent to distribute 100 or more kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846 and 841(b)(1)(B)(vii) and possessing firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 2 and 924(c)(1). See Plea Agreement (Doc. #64). On January 10, 2005, the Honorable G.T. Van Bebber sentenced defendant to 170 months in prison. This matter is before the Court on defendant's letter (Doc. #138), which the Court construes as a motion to enforce the plea agreement, filed September 19, 2008. For reasons stated below, the Court overrules defendant's motion.

## Analysis

Defendant argues that under the plea agreement, he is entitled to a reduction in his sentence based on his cooperation with the government. Absent a formal agreement, the prosecutor has discretion to file a motion for substantial assistance under U.S.S.G. § 5K1.1. United States v. Dominguez Beltran, 184 Fed. Appx. 799, 802 (10th Cir. 2006); United States v. Massey, 997 F.2d 823, 824 (10th Cir. 1993). The Court can review the government's refusal to file such a motion only if that decision was based on an unconstitutional motive or was not rationally related to a legitimate

government end.  <u>Dominguez Beltran</u>, 184 Fed. Appx. at 802; <u>see</u> <u>Wade v. United States</u>, 504 U.S. 181, 185-86 (1992).

>Here, the plea agreement provides as follows:
>
>The defendant acknowledges that substantial assistance has not yet been provided by the defendant within the meaning of U.S.S.G. § 5K1.1 and Title 18, United States Code § 3553(e).  Upon the determination by the United States the defendant has provided substantial assistance, the United States shall request that the Court consider reducing the sentence the defendant would otherwise receive under the applicable statutes and/or sentencing guidelines pursuant to Title 18, U.S.C. § 3553(E), Title 28, U.S.C. § 994(n), and U.S.S.G. § 5K1.1.  However, any recommendation for a reduced sentence for substantial assistance will take into account the non-filing of an enhancement under Title 21, U.S.C. § 851 related to Count 1 of the Indictment in this case.

Plea Agreement ¶ 6.  Under the plea agreement, the government has discretion, but is not required, to file a Section 5K1.1 motion.  <u>See</u> Plea Agreement ¶ 6 ("[u]pon the determination by the United States"); <u>United States v. Gaines</u>, No. 03-20081-01-JWL, 2007 WL 293892, at *2 (D. Kan. Jan. 25, 2007) (same provision gave government discretion to file such motion); <u>United States v. Huskey</u>, No. 03-20003-CM, 2006 WL 950190, at *2 (D. Kan. Apr. 7, 2006) (same provision gave government option to file such motion); <u>see also</u> <u>Wade v. United States</u>, 504 U.S. 181, 185 (1992) (Section 5K1.1 gives government power, not duty, to file motion for downward departure).  In addition, defendant has not asserted that the government's decision not to file a motion under U.S.S.G. § 5K1.1 is based on an unconstitutional motive or is not rationally related to a legitimate government end.  <u>See</u> <u>Dominguez Beltran</u>, 184 Fed. Appx. at 802; <u>cf.</u> <u>United States v. Duncan</u>, 242 F.3d 940, 947 (10th Cir.) (unconstitutional motives include those based on defendant's race, religion, or national origin), <u>cert. denied</u>, 534 U.S. 858 (2001).  The Court therefore overrules

defendant's motion.[1]

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #63), which the Court construes as a motion to enforce the plea agreement, filed September 19, 2008 be and hereby is **OVERRULED.**

Dated this 15th day of October, 2008 at Kansas City, Kansas.

>s/ Kathryn H. Vratil
>Kathryn H. Vratil
>United States District Judge

---

[1] Defendant is not entitled to formal relief, but the Court expects that government counsel will notify defendant as to the status of any potential motion under U.S.S.G. § 5K1.1.