IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 04-20027-01-KHV |
| TREMAYNE DARKIS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

On March 29, 2004, the Court sentenced defendant to 248 months in prison. This matter is before the Court on defendant's Motion For Sentence Reduction (Doc. #145) filed July 22, 2015. Defendant seeks relief under Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), which lowered the base offense levels for certain quantities in the Drug Quantity Table at U.S.S.G. § 2D1.1.

Section 3582(c)(2) permits the Court to reduce a sentence if a defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) sets forth a two-step inquiry. See Dillon v. United States, 560 U.S. 817, 826-27 (2010); United States v. Green, --- F. App'x ----, 2015 WL 5316506, at *3 (10th Cir. Sept. 14, 2015). First, as a matter of law, the Court must determine whether a sentence reduction is even authorized under the statute. United States v. White, 765 F.3d 1240, 1245 (10th Cir. 2014). Second, as a matter of discretion, the Court determines whether an authorized reduction is in fact warranted. Id. In the second step, the Court must consider Section 3553(a) sentencing factors including the nature, seriousness and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes by defendant, and any threat to public safety. United States v. Osborn, 679

F.3d 1193, 1195-96 (10th Cir. 2012). While not mandatory, the Court may also consider defendant's post-sentencing conduct. Osborn, 679 F.3d at 1195; see United States v. Meridyth, 573 F. App'x 791, 794 (10th Cir. 2014); U.S.S.G. § 1B1.10 cmt. n.1(B).

The government agrees that defendant is eligible for relief under Amendment 782, but claims that a reduction is not warranted in light of defendant's post-sentencing conduct. In particular, the government notes that since February of 2007, defendant has had at least 13 disciplinary incidents. Some of the most serious incidents include possessing weapons and using marijuana. Defendant's misconduct in prison gives the Court pause in reducing his sentence. At the same time, the Bureau of Prisons ("BOP") has already imposed significant sanctions to address defendant's misconduct including segregation and the loss of some 217 days of good time credit. If the BOP determined that the incidents were serious enough and that the available punishment was insufficient, the government could have potentially prosecuted defendant for separate crimes. See United States v. Ayala, 540 F. Supp. 2d 676, 680 (W.D. Va. 2008). Because the BOP is in the best position to determine the seriousness of prison misconduct and to punish it appropriately, the Court does not believe that defendant's misbehavior in prison should limit the reduction of his sentence under Amendment 782. See United States v. Walker, No. 04-20063-01-JWL, 2008 WL 2050853, at *1 (D. Kan. May 12, 2008) (BOP has adequate sanctions to address inmate misconduct).

The government also asks the Court to deny relief because of defendant's criminal history. Response To Motion For Sentence Reduction (Doc. #148) at 11-12. The Court has considered defendant's criminal history as part of the Section 3553(a) factors including the nature, seriousness and circumstances of the offense, the history and characteristics of defendant, the need to protect the public from further crimes by defendant, and any threat to public safety. After balancing these factors, the

Court finds that a sentence of 92 months in prison (the low end of the amended guideline range of 92 to 115 months) on Count 1 would accomplish these sentencing objectives.[1]

**IT IS THEREFORE ORDERED** that defendant's Motion For Sentence Reduction (Doc. #145) filed July 22, 2015 be and hereby is **SUSTAINED**. The Court reduces defendant's term of imprisonment on Count 1 from 110 months to 92 months. Defendant remains subject to a term of imprisonment of 60 months on Count 5, with that term to run consecutively to the sentence on Count 1. Accordingly, defendant is resentenced to a controlling term of 152 months in prison. All other provisions of the judgment dated January 11, 2005 shall remain in effect.

Dated this 30th day of October, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] The Court notes that The Honorable G. T. VanBebber also sentenced defendant at the low end of the original guideline range of 110 to 137 months in prison.