Prob  12C (12/04)
(D/KS 11/17)

PACTS# 18506

# United States District Court

### for the

### District of Kansas

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:  **Tremayne Darkis**          Case Number:  **1083 2:04CR20027-001**

Sentencing Judicial Officer:   Honorable G. Thomas Vanbebber, Senior U.S. District Judge
Reassigned Judicial Officer:  Kathryn H. Vratil, U.S. District Judge

Date of Original Sentence:  01/10/2005

Original Offense:   Conspiracy to Distribute and Possess With Intent to Distribute More than
                             110 Kilograms of Marijuana, a Class B Felony - Ct 1

                             Possession of Firearms During and in Relation to, and in Furtherance of a
                             Drug Trafficking Offense, a Class A Felony – Ct 5

Original Sentence:       170 Months Prison, 48 Months Supervised Release
Sentence Reduction:  92 Months Prison, 48 Months Supervised Release

Type of Supervision:  TSR                    Date Supervision Commenced:  11/03/2015
Asst. U.S. Attorney:  Scott C. Rask          Defense Attorney:  Jay D. DeHardt

## PETITIONING THE COURT

☒ To issue a warrant

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Non-Compliance |
| --- | --- |
| **1.** | **Mandatory Condition:** "The defendant shall not unlawfully possess a controlled substance." |
| **2.** | **Mandatory Condition:** "The defendant shall refrain from any unlawful use of a controlled substance." |
| **3.** | **Standard Condition #7:** "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician." |

On March 30, 2016, Mr. Darkis tested positive for marijuana while on code-a-phone and the lab confirmed the results. Mr. Darkis admitted verbally and in writing to using Marijuana on or about March 16th-17th 2016.

On April 27, 2016, during an office appointment Mr. Darkis tested positive

for Marijuana due to the specimen he provided. Mr. Darkis admitted verbally and in writing that he used Marijuana on or about April 14, 2016. Mr. Darkis reported he was using since he was stressed out and not sure how to cope without using drugs.

On February 22nd, 2017 during a field contact with Mr. Darkis a urinalysis was conducted. Mr. Darkis' specimen proved positive for marijuana. Mr. Darkis initially denied any use of marijuana. Shortly after leaving Mr. Darkis' residence, this USPO received a message from Mr. Darkis asking for a return call. On February 23rd, 2017 this USPO contacted Mr. Darkis via telephone. During that conversation Mr. Darkis admitted to use of marijuana on the date of his arrest.

On March 9, 2017, Mr. Darkis reported to the Crawford County Mental Health facility to submit to a urinalysis per instruction received from code-a-phone. The urinalysis was then forwarded to the lab for testing and proved positive for marijuana. It should be noted that a urinalysis had previously been conducted by this USPO in the field on February 22, 2017 and that specimen proved positive for marijuana. At this time, this USPO is not certain that this is a new use or residual from the previous positive urinalysis noted in the 12A report submitted on March 1, 2017. Mr. Darkis denies any new use of marijuana since the last report was submitted. He claims he has not used since the last time he admitted to use.

On March 28, 2017, Mr. Darkis reported to the Crawford County Mental Health facility to submit to a urinalysis per instruction received from code-a-phone. The urinalysis was then forwarded to the lab for testing and proved positive for marijuana. This USPO made contact with Mr. Darkis via telephone on 04/07/2017 and he admitted to use of marijuana on or about March 28, 2017.

On May 30, 2017, Mr. Darkis reported to the Crawford County Mental Health facility to submit to a urinalysis per instruction received from code-a-phone. The urinalysis was then forwarded to the lab for testing and proved positive for marijuana. This USPO made contact with Mr. Darkis via telephone on June 7, 2017 and he admitted to use of marijuana on or about May 29, 2017.

On June 15, 2017, Mr. Darkis reported to the Crawford County Mental Health facility to submit to a urinalysis per instruction received from code-a-phone. The urinalysis was then forwarded to the lab for testing and proved positive for marijuana. This USPO made contact with Mr. Darkis at his residence on June 16, 2017 and he admitted to use of marijuana a week prior to the testing.

On July 6, 2017, Mr. Darkis reported to the Crawford County Mental Health facility to submit to a urinalysis per instruction received from code-a-phone. The urinalysis was then forwarded to the lab for testing and proved positive for marijuana. This USPO spoke with Mr. Darkis on July 25, 2017 and he advised he has not used in almost a month. This specimen could reflect use noted in the previous test from June 15, 2017.

On September 24, 2017 this USPO conducted a routine field visit with Mr. Darkis at his residence. Mr. Darkis submitted to a urinalysis during this contact. The results proved positive for marijuana. Once confronted

with the positive results, Darkis admitted to smoking marijuana the week previous to the test.  Mr. Darkis advised that he used when he found out this officer was going to request RRC placement.

Mr. Darkis arrived at the Grossman Residential Re-entry Center (RRC) on 10/24/2017.  At that time Mr. Darkis was required to submit to a urinalysis.  The results of that test proved positive for marijuana.  Mr. Darkis admitted to this USPO to using marijuana shortly before arriving at the RRC.

On December 11, 2017 Mr. Darkis received an incident report from the Grossman Center for submitting to a positive urinalysis that was conducted on December 3, 2017.  According to the toxicology report from the Bureau of Prisons, Mr. Darkis' levels had risen from previous tests. He also admitted to staff at the Grossman Center and to this USPO to smoking K-2.  He denied use of marijuana.

*For the purposes of applying the provisions of 18 U.S.C. §§ 3565(b)(4) or 3583(g)(4) (mandatory revocation for submitting more than three (3) positive drug tests in a 12 month period),* **the defendant has submitted eleven (11) positive qualifying sample(s)**. *If the Court finds that the positive drug test(s) constitutes possession of a controlled substance the Court is required to revoke supervision and impose a sentence that includes a term of imprisonment. 18 U.S.C. §§ 3565(b), 3583(g).  The Court shall also consider whether the availability of appropriate substance abuse programs, or the offender's current  or past participation in such programs, warrants an exception from the requirement of mandatory revocation and imprisonment  under 18 U.S.C. §§ 3565(b), 3583(g).  18 U.S.C. §§ 3563(a), 3583(d).  U.S. v Hammonds, 370 F.3d 1032 (10th Cir. 2004).*

4.    **Mandatory Condition:** **"The defendant shall not commit another federal, state, or local crime."**

On February 13, 2017 Deputies of the Cherokee County Sheriff's Department conducted a search warrant on Mr. Darkis' residence. During the search, deputies found the following items:  a red grinder, multiple colored glass smoking pipes, rolling papers, and a misdemeanor amount of marijuana.  At that time, Mr. Darkis was charged with misdemeanor Possession of Drug Paraphernalia and misdemeanor Possession of Marijuana in Cherokee County District Court under Case Number 2017-CR-000052.  On July 14, 2017 that case was dismissed by the District Court.

Mr. Darkis was arrested by officers of the Cherryvale Police Department On August 23, 2017.  He was then charged with misdemeanor possession of marijuana.  At approximately 0015 hours officers approached a vehicle sitting in a local gas station parking lot.  Officers detected a strong odor of marijuana coming from the vehicle.  Darkis was asked to exit the vehicle and officers observed marijuana residue on his shirt.  Officers placed Darkis under arrest and retrieved the marijuana residue and a seed off of his shirt.  Darkis was also observed dropping a

marijuana cigarette as he was placed in handcuffs.  Upon searching the vehicle a backpack was found that contained more marijuana.  Officers also found $610 in cash in Darkis' backpack and wallet.  On October 13, 2017 this USPO was informed that Mr. Darkis case was dismissed by the Labette County District Court.

5. **Special Condition:  "You must reside in the residential re-entry center, in the community corrections component allowing for work release, for up to 180 days, at the direction of the U.S. Probation Officer.  You must comply with the policies and procedures of the residential re-entry center program including any requirement to wear an electronic monitoring device, which may include Global Position System and/or Random Tracking, and follow electronic monitoring procedures specified by the residential re-entry center program."**

On September 27, 2017, a modification was submitted to the Court asking that Mr. Darkis be placed in the residential re-entry Center (RRC). The Court approved this modification on October 3, 2017.  Since his arrival, five incident reports have been completed regarding his behavior. On December 20, 2017 this U.S. Probation Officer received notice from The Grossman Center that Mr. Darkis was being terminated from the program due to his non-compliant behavior.  He was unsuccessfully discharged.

On October 24, 2017 Mr. Darkis received a report in regard to his positive urinalysis upon arrival at the facility.  Mr. Darkis tested positive at that time for marijuana.

On December 3, 2017, a report was completed for insolence towards a staff member.  At that time, Mr. Darkis had  bleach confiscated from him. When he learned about the bleach being taken, he began cursing at the supervisor on duty.

On December 6, 2017, a report was completed as Mr. Darkis committed another infraction.  This time he was cited for violating a condition of the community.  While staff was conducting a count, Mr. Darkis became disrespectful towards staff and started yelling and cussing.

ON December 11, 2017, a report was completed as Mr. Darkis was cited for Use of Narcotics.  At that time he tested positive for marijuana.  The levels had risen from his previous urinalysis.  He also admitted to staff that he had used K-2.

On December 17, 2017, an incident report was conducted as Mr. Darkis was found to be in possession of a cigar.  The facility is a tobacco free facility.

On December 19, 2017 while staff was conducting count they observed contraband on Mr. Darkis' bunk.  Mr. Darkis became upset when he returned to his dorm and started to yell and cuss at the staff members

Prob  12C                                           -5-
*Name of Offender:  Tremayne Darkis*                        *Case Number:  1083 2:04CR20027-001*

who conducted the search.


U.S. Probation Officer Recommendation:

The term of supervision should be:

☒  Revoked


Approved:                          I declare under penalty of perjury that the
                                   foregoing is true and correct.
                                   Executed on:  12/20/2017

                          by _____
                             Brett L. Boatwright
                             U.S. Probation Officer

_____
Christopher Lewis, SUSPO

_____

*Please indicate the Court response below and return to the U.S. Probation Officer*

☐ No Action
☒ The Issuance of a Warrant.  Petition and warrant sealed and not to be distributed to counsel
   of record.  Unsealed upon arrest.
☐ The Issuance of a Summons
☐ Other:


                          _____
                                s/ Kathryn H. Vratil
                             Signature of Judicial Officer

                          _____
                                   12/21/2017
                                    Date